## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DONNELL E. GILDER, JR.                    )
                                          )
         Petitioner,                      )
                                          )
v.                                        )          Civil Action No. 5:22-00352
                                          )
FCI BECKLEY WARDEN HECKARD,               )
                                          )
         Respondent.                      )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition should be construed as a Motion for Authorization to File a Second or Successive Section 2255 Motion and transferred to the Seventh Circuit for further proceedings.

### FACT AND PROCEDURE

**A.     Criminal Action No. 1:16-cr-00107:**

On July 10, 2017, Petitioner pled guilty in the United States District Court for the Southern District of Indiana to two counts of Interference with Commerce by Threats or Violence in violation of 18 U.S.C. § 1951(a) (Counts 9 and 11); and two counts of Knowingly Discharging a Firearm During and in Relation to a Crime of Violence, that is, Interference with Commerce by Threats or Violence as set forth in Counts Nine and Eleven, in violation of 18 U.S.C. §924(c)(1)(A)(iii) (Counts 20 and 22). United States v. Glider, Case No. 1:16-cr-00107 (S.D.In. July 20, 2017), Document Nos. 43 and 55. During his Plea Hearing, the District Court informed

Petitioner that the elements for Count Nine were as follows:

> [F]irst, that you obtained property from another person without that person's consent; Second, that you did so by wrongful use of actual or threatened force, violence, or fear; and Third, as a result of your actions, interstate commerce or an item moving in interest commerce was actually or potentially delayed, obstructed, or affected in any way or degree.

Id., Document No. 63, pp. 8 – 9. As to Count Eleven, the District Court informed Petitioner that the elements were as follows:

> [F]irst, that you attempted to obtain property from another person without that person's consent; Second, that you did so by wrongful use of actual or threatened force, violence, or fear; and Third, that as a result of your actions, interstate commerce or an item moving in interest commerce was actually or potentially delayed, obstructed, or affected in any way or degree.

Id. p. 9. As to Count Twenty, the District Court notified Petitioner that such "charges that you knowingly discharged a firearm during and in relation to the crime that is charged in Count 9." Id., p. 10. As to Count Twenty-Two, the District Court advised Petitioner that such "charges that you knowingly discharged a firearm during and in relation to the crime charged in Count 11." Id. Also on July 10, 2017, the District Court sentenced Petitioner to total term of imprisonment of 420 months and 1 day ("Cts. 9 & 11: 1 day per count, concurrent to each other; Ct. 20: 120 months, consecutive to all counts; and Ct. 22: 300 months, consecutive to all other counts"). Id., Document No. 56. Petitioner did not file a direct appeal.

**B.    Section 2255 Motion:**

On July 10, 2018, Petitioner filed in the Southern District of Indiana a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Gilder v. United States, Case No. 1:18-cv-02096 (S.D.In. Aug. 5, 2020), Document No. 1. In his Section 2255 Motion, Petitioner asserted ineffective assistance of counsel. Id. On January 7, 2019, Petitioner filed an Amended Motion asserting the following: (1) Trial counsel was ineffective in advising Petitioner to enter into the

plea agreement; (2) Section 924(c) is unconstitutionally vague; (3) Petitioner's sentence violates the Sixth Amendment; and (4) Petitioner is entitled to a sentence reduction under the First Step Act of 2018. Id., Document No. 14. The United States filed its Response in Opposition on March 28, 2019. Id., Document No. 20. On August 19, 2019, Petitioner filed his Reply. Id., Document No. 28. By "Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability" entered on August 5, 2020, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 29. Concerning Petitioner's challenge to his Section 924(c) convictions, the District Court stated as follows:

> Even framed as an ineffective assistance of counsel claim, Gilder is not entitled to relief. In this case, the underlying "crime of violence" alleged was Hobbs Act robbery. The robbery of the Speedway Gas Stations plainly violated the Hobbs Act, which the Seventh Circuit has held qualifies as a crime of violence under § 924(c)'s elements clause. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) (collecting cases); accord, *Haynes v. United States*, 936 F.3d 683,690 (7th Cir. 2019). This is because it includes the use, or threatened use of physical force against the person or property of another. § 1951(b) (defining robbery). His Hobbs Act robberies therefore constitute valid predicate crimes of violence for the purposes of Gilder's convictions. Accordingly, Gilder's counsel was not ineffective for failing to challenge the constitutionality of the § 924(c) convictions.

Id. Petitioner did not file an appeal.

## C.    Section 3582 Motion:

On April 22, 2021, Petitioner filed in the Southern District of Indiana a Motion for Reconsideration of Sentence pursuant to 18 U.S.C. § 3582 and Memorandum in Support. Glider, Case No. 1:16-cr-00107, Document Nos. 67 and 68. Specifically, Petitioner requested compassionate release pursuant to Section 603 of the First Step Act of 2018. (Id.) The District Court appointed counsel and stayed the matter "[p]ending counsel's review and analysis of Defendant's eligibility for compassionate release pursuant to the First Step Act of 2018, and to allow counsel to communicate with Defendant regarding the attorney-client relationship." Id.,

Document Nos. 73 – 74. By Order entered on September 15, 2021, the District Court lifted the stay and directed Petitioner's counsel to either (1) file an Amended Motion for Compassionate Release on behalf of Petitioner or adopt Petitioner's previously filed Motion; or (2) Move to withdraw as counsel. Id., Document No. 76. On September 29, 2021, Petitioner, by counsel, filed an Amended Motion for Compassionate Release. Id., Document No. 77. In his Amended Motion, Petitioner asserted the following: (1) Petitioner's "weight puts him at high risk for severe illness from COVID-19, which constitutes an extraordinary and compelling reason for compassionate release;" (2) Petitioner "weight places him in the category of inmates who cannot receive a benefit from vaccination under Broadfield and this constitutes an extraordinary and compelling reason warranting a sentence reduction;" (3) The district court should exercise its discretion conferred by the compassionate release statute and reduce Petitioner sentence because since Petitioner's conviction the Supreme Court determined that a "crime of violence" as defined by Section 924(c)(3)(B) is unconstitutionally vague; and (4) "The relevant § 3553(a) sentencing factors warrant modifying [Petitioner's] sentence because he has rehabilitated himself through his many years in prison." Id., Document No. 77. Following the granting of an extension of time, the United States filed its Response in Opposition. Id., Document No. 86. On December 1, 2021, Petitioner filed his Reply. Id., Document No. 88. On July 27, 2022, Petitioner, by counsel, filed his Supplemental Notice. Id., Document No. 89. Petitioner noted that since the filing of his Reply, the United States Supreme Court issued two pertinent opinions: United States v. Taylor, ___ U.S. ___, 142 S.Ct. 2015, 213 L.Ed.2d 349 (2022) and Concepcion v. United States, ___ U.S. ___, 142 S.Ct. 2389, 213 L.Ed.2d 731 (2022). Id. Petitioner stated that in Taylor, the Supreme Court held that an attempted Hobbs Act robbery does not qualify as a "crime of violence" under Section 924(c)(3)(A). Id. Citing Concepcion, Petitioner argued that the First Act allows district courts to

4

consider intervening changes of law or fact in exercising their discretion to reduce a sentence. Id. Thus, Petitioner requested that the District Court vacate his Section 924 conviction as contained in Count Twenty-Two because the predicate conviction was for attempt Hobbs Act robbery as contained in Count Eleven. Id. By Order entered on August 4, 2022, the District Court denied Petitioner's Motion for Compassionate Release. Id., Document No. 92. The District Court stated that "[t]o the extent that [Petitioner] is arguing that his statute of conviction is unconstitutionally vague, such is a challenge to the underlying validity of his conviction and sentence, which should be raised by direct appeal or a § 2255 motion." Id.; also see United States v. Glider, 2022 WL 3102548 (S.D.In. Aug. 4, 2022).

**D.    Instant Section 2241 Petition:**

On April 24, 2022, Petitioner, acting *pro se*, filed his instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] (Civil Action No. 5:22-00352, Document No. 1.) In his Petition, Petitioner challenges the validity of his Section 924(c) conviction citing United States v. Taylor, ___ U.S. ___, 142 S.Ct. 2015, 213 L.Ed.2d 349 (2022). (Id.) Petitioner explains that Taylor is a "retroactively applicable decision that establishes that the Petitioner may have been convicted of a nonexistent offense, that being attempted Hobbs Act robbery." (Id.) Petitioner asserts that the Supreme Court in Taylor held that attempted Hobbs Act robbery is not a "crime of violence" pursuant to 18 U.S.C. § 924(c)(1)(A)(iii)." (Id.) Thus, Petitioner alleges that his attempted Hobbs Act robbery conviction (Count 11) was improperly used as a predicate offense for his Section 924(c) conviction. (Id.) Next, Petitioner challenges the validity of his two point "bodily injury

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

5

enhancement for violation of 18 U.S.C. § 1951(a) (Count 11)." (Id.) As relief, Petitioner requests that the Court "[v]acate his 18 U.S.C. § 924(c)(1)(A)(iii) conviction (Count 22), vacate (+2) bodily injury enhancement which raised the Guideline range for violation of 18 U.S.C. § 1951(a) (Count 11) and remand." (Id.)

By Order entered on August 26, 2022, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 3.) On September 26, 2022, Respondent filed her Response to Order to Show Cause. (Document No. 7.) Respondent argues that this Court should dismiss Petitioner's Petition because it is improper under Section 2241. (Id.) Respondent explains that Petitioner's reliance on Taylor does not satisfy the second prong of the "savings clause." (Id.) Respondent further notes that Taylor is inapplicable to Petitioner's underlying conviction because Petitioner was convicted of completed Hobbs Act robbery - - not attempted Hobbs Act robbery. (Id.) Respondent argues that "the Taylor decision explicitly did not address whether completed Hobbs Act robbery is a crime of violence, and therefore does not change the substantive law regarding Petitioner's conviction pursuant to § 924(c)." (Id.) Finally, Respondent argues that Petitioner's Section 2241 should not be construed as a Section 2255 Motion and transferred to the sentencing court because it would be successive. (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's underlying Indictment (Document No. 7-1); (2) A copy of Petitioner's "Petition to Enter Plea of Guilty and Plea Agreement" (Document No. 7-2); (3) A copy of the Sentencing Court's Order regarding Petitioner's Plea and Sentencing Hearing (Document No. 7-3); (4) A copy of Petitioner's "Judgment in a Criminal Case" (Document No. 7-4); (5) A copy of Petitioner's Section 2255

Motion (Document No. 7-5); (6) A copy of Petitioner's Amended Section 2255 Motion (Document No. 7-6); and (7) A copy of the Sentencing Court's "Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability" (Document No. 7-7).

By Order and Notice entered on September 27, 2022, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document 8.) On October 31, 2022, Petitioner filed his Reply. (Document No. 12.) First, Petitioner contends that Respondent is attempting to deceive the Court by referring to the incorrect Section 924(c) conviction that Petitioner is challenging. (Id.) Petitioner states that he is challenging his Section 924(c) conviction as contained in Count Twenty-Two of the Indictment "in which the predicate offense was a conviction of 18 U.S.C. § 1951(a) attempted Hobbs Act robbery that being Count Eleven." (Id.) Petitioner argues that Respondent focuses solely upon his Section 924(c) conviction contained in Count Twenty wherein a completed Hobbs Act robbery (Count 9) was used as the predicate offense. (Id.) Petitioner again argues that pursuant to Taylor, attempted Hobbs Act robbery is not a predicate crime of violence for purposes of a conviction under Section 924(c). (Id.) Thus, Petitioner argues that he can satisfy all Wheeler factors based on Taylor concerning his Section 924(c) conviction (Count 22). (Id.) Petitioner further complains that Respondent failed to address his challenge to his two-point bodily injury Guideline enhancement. (Id.) Petitioner appears to argue that because he can satisfy the "savings clause" as to his challenge to his Section 924(c) conviction, Petitioner can also proceed with his challenge to his two point bodily injury Guideline enhancement concerning his Section 1951(a) conviction.[2] Citing United States v. Lewis, No. 17-

---

[2] Petitioner is incorrect in this assertion. Satisfying the "savings clause" as to one claim does not open the door for any and all claims Petitioner wishes to assert. Petitioner must satisfy the "savings clause" as to each claim. Petitioner fails to explain how he can satisfy the "savings clause" as to his Guideline challenge. The undersigned has further reviewed Petitioner's challenge and finds that Petitioner fails to satisfy the "savings clause" as to this claim.

4737 (4th Cir. Dec. 1, 2021), Petitioner argues the Guideline enhancement was improper because the District Court "did not determine whether the robbery victim's injuries lasted for a 'meaningful period.'" (Id.) Although Petitioner acknowledges that he stipulated to the enhancement in his Plea Agreement, Petitioner argues that the District Court failed to determine whether his "robbery victim's injuries of 'pain and bruising' lasted for a 'meaningful period.'" (Id.) Thus, Petitioner concludes that the Sentencing Court improperly enhanced his sentence. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's

sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence as imposed by the Southern District of Indiana. Specifically, Petitioner contends that his Count Twenty-two Section 924(c) conviction and sentence are now invalid in light of Taylor. Thus, Petitioner requests that his conviction and sentence be vacated as to Count Twenty-Two. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion, or Motion for Authorization to File a Successive Section 2255 Motion, and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

9

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Southern District of Indiana. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Seventh Circuit Court of Appeals based upon the foregoing claims.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the

---

[3]  Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner has not obtained authorization to file a successive Section 2255 Motion concerning his *Johnson* claim. For reasons explained below, the undersigned recommends that Petitioner's Petition be construed as a request for authorization to file a successive Section 2255 Motion and transferred to the Seventh Circuit.

sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law

11

changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to

meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to

this retroactive change, the sentence now presents an error sufficiently grave to be deemed a

fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

that Jones is still good law in this circuit."[5] Id. at 427. In evaluating Petitioner's Section 2241

---

[4] In Wheeler, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. United States v. Wheeler, 734 Fed.Appx. 892 (4th Cir. 2018); United States v. Wheeler, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

Id. The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. Id., Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. Id., Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. Id., Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. United States v. Wheeler, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. United States v. Wheeler, 139 S.Ct. 1318 (2019).

[5] In Jones v. Hendrix, the Eighth Circuit noted the circuit split over the question whether a change in case law, combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241. Jones v. Hendrix, 8 F.4th 683, 686-87 (8th Cir. 2021). The Eighth Circuit further noted that most circuit, including the Fourth Circuit, would allow a petitioner to invoke the "savings clause" under such circumstances. Id. The Eighth Circuit, however, agreed with the Tenth and Eleventh Circuits finding that the foregoing circumstances were insufficient to satisfy the requirements of the "savings clause" and dismissed petitioner's petition. On May 16, 2022, the Supreme Court granted the petition for writ of certiorari as to whether a federal inmate who, because of establish circuit precedent stood firmly against them, did not challenge their convictions on the ground that the statute of conviction did not criminalize their activity may apply for habeas relief under Section 2241 after the Supreme Court later makes clear in a retroactively applicable decision that the circuit precedent was wrong and they are legally innocent of the crime of conviction. The issue is currently pending before the

Petition, this Court applies Fourth Circuit procedural law and Seventh Circuit[6] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014). Thus, the substantive law of the Seventh Circuit applies to decide the retroactivity question. See Gibson v. Warden, FCI McDowell, 2021 WL 969195, * 4 (S.D.W.Va.)(J. Faber)(retroactivity is a question of substantive law).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner's claim that his conviction as to Count Twenty-Two should be vacated in light of the Supreme Court's decision in Taylor, which held that attempted Hobbs Act robbery is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c). Petitioner claims that he was convicted of attempted Hobbs Act robbery (Count 11) and this conviction was used as a predicate offense for his Section 924(c) conviction in Count Twenty-Two. Since Petitioner is proceeding *pro se*, the undersigned will liberally construe Petitioner's claim as challenging his Section 924(c) conviction as to Count Twenty-Two based upon Davis and Taylor.[7] See In re

_____

Supreme Court. *See Jones v. Hendrix*, ___ U.S. ___, 142 S.Ct. 2706, 212 L.Ed.2d 777 (2022).

[6] Petitioner was convicted in the Seventh Circuit, therefore, the substantive law of the Seventh Circuit controls.

[7] To the extent Petitioner relies solely upon *Taylor*, Petitioner most likely cannot satisfy the statutory criteria of Section 2255(h). Unlike *Davis*, the Supreme Court in *Taylor* did not announce a new rule of constitutional law. Rather, the Supreme Court in *Taylor* interpreted the meaning of

Williams, 2022 WL 18912836 (11th Cir. Dec. 15, 2022)(Liberally construing petitioner's request to file a successive Section 2255 Motion based upon *Taylor* as challenging his conviction based upon both *Davis* and *Taylor*). In Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, 576 U.S. at 592-606, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. 120, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a "crime of violence" *or* a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical

"crime of violence" as contained in Section 924(c)(3)(A). The Supreme Court in *Taylor* did not determine or suggest that the "elements clause" was unconstitutionally vague.

14

force against the person of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924(c)(3)(B)(emphasis added). The italicized portion above is known "residual clause" of Section 924(c)(3). In contrast, the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon a finding that the definitions of "crime of violence" in Section 924(c)(3)(B) and the ACCA's "residual clause" were "virtually indistinguishable," the Seventh Circuit held that Section 924(c)(3)(B)'s "residual clause" was unconstitutionally vague. United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016). Subsequently, the Supreme Court held that the "residual clause" of Section 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). The Supreme Court considered whether Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court "abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id. In Taylor, the Supreme Court held that attempted Hobbs Act robbery is not a "crime of violence" under the "elements clause." Taylor, ___ U.S. at ___, 142 S.Ct. at 2020-21.

In the instant case, Petitioner argues that his Section 924(c) conviction and sentence (Count 22) is no longer valid. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application [to file a second or successive Section 2255

Motion" makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2255(h). Under the current precedent, Petitioner can most likely make the prima facie showing. Both the Seventh and Fourth Circuits have held that <u>Davis</u> qualifies as a new of rule constitutional law retroactively applicable to cases on collateral review. <u>See</u> <u>In re Graham</u>, 61 F.4th 433 (4th Cir. 2023); <u>In re Thomas</u>, 988 F.3d 783 (4th Cir. 2021); <u>Higgs v. Watson</u>, 984 F.3d 1235, 1239-40 (7th Cir. 2021). Since Petitioner was convicted under Section 924(c) of using a firearm during a crime of violence, <u>Davis</u> may apply to Petitioner. Finally, <u>Davis</u> and <u>Taylor</u> were previously unavailable to Petitioner. Thus, Petitioner may argue that the rules announced in <u>Davis</u> is applicable to his conviction under Section 2255(h)(2). <u>See</u> <u>Ruiz v. United States</u>, No. 16-1193 (7Th Cir. Feb. 19, 2016)(allowing petitioner to file a successive Section 2255 petition based on *Johnson* in a Section 924(c) case). The undersigned will therefore "take a peek" into the merits to determine whether Petitioner's Petition should be transferred to the Seventh Circuit as a request for authorization to file a successive Section 2255 Motion.[8] <u>See</u> <u>Agee v. Warden, FCI Mendota</u>, 2022 WL 17490283, * 2 (E.D.Cal. Nov. 10, 2022)(recommending denial of Section 2241 claim based on *Taylor* because petitioner had not shown he previously sought and was denied authorization to file a second or successive Section 2255 motion).

Taking a peek into the merits, the undersigned finds that Petitioner's Petition should be transferred to the Seventh Circuit. As stated above, Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a "crime of violence" *or* a drug trafficking crime. In Count Twenty-

---

[8] In considering whether to construe Petitioner's Section 2241 Petition as a request for authorization to file a successive Section 2255 Motion and transferring such to the Seventh Circuit, the undersigned declines to consider the possible timeliness of Petitioner's Section 2255 Motion. Whether a Section 2255 motion is timely is not relevant to whether the applicant can obtain permission to bring a second or successive Section 2255 Motion. The question of timeliness of a petitioner's Section 2255 Motion should be determined by the sentencing court.

Two, Petitioner was charged with Knowingly Discharging a Firearm During and in Relation to a Crime of Violence, that is, Interference with Commerce by Threats or Violence as set forth in Counts Eleven, in violation of 18 U.S.C. §924(c)(1)(A)(iii). In Count Eleven, Petitioner pled guilty to attempted Hobbs Act robbery. Since Petitioners Section 924(c) conviction in Count Twenty-Two relied upon Count Eleven as the predicate offense, Petitioner argues that attempted Hobbs Act robbery does not constitute a "crime of violence." At the time of Petitioner's conviction under Section 924(c)(1)(A), there were two ways an offense may qualify as a "crime of violence": (1) The offense may qualify under the "elements clause;" or (2) The offense may qualify under the "residual clause." Under the "elements clause," any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" is a "crime of violence." See Simms, 914 F.3d at 233(Under the "elements clause," courts "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force.") In Count Eleven, Petitioner pled guilty to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951. Petitioner does not appear to dispute that he was properly convicted of the attempted Hobbs Act robbery as charged in Count Eleven, but contends that such a conviction does not constitute a "crime of violence" for purposes of Section 924(c). As stated above, the Supreme Court held in Taylor that attempted Hobbs Act robbery is not a "crime of violence" for purposes of Section 924(c). Case law, therefore, indicates that Petitioner's conviction for attempted Hobbs Act robbery (Count 11) may not serve as a predicate "crime of violence" for purposes of upholding his Section 924(c) conviction (Count 22). Based upon the foregoing, the undersigned respectfully recommends that Petitioner's Section 2241 Petition (Document No. 1) be construed as Motion for Authorization to File a Successive Section 2255 Motion and transferred

to the Seventh Circuit for consideration.

To the extent Petitioner objects to the re-characterization of his Section 2241 Petition as a Motion Requesting Permission to File a Successive Section 2255 Motion, the undersigned respectfully recommends that his Section 2241 Petition be stayed and held in abeyance pending the Supreme Court's decision in <u>Jones v. Hendrix</u>, Case No. 21-857. As discussed in Footnote 5 above, <u>Jones v. Hendrix</u> will most likely resolve the circuit split identified by the Eighth Circuit as to the scope of the "savings clause." Specifically, whether a "change in case law, combined with the successive-motions bar, makes § 2255's remedy inadequate or ineffective" for purposes of satisfying the requirements of the "savings clause." <u>Jones v. Hendrix</u>, 8 F.4th at 686. On May 16, 2022, the Supreme Court granted a petition for writ of certiorari. <u>Jones v. Hendrix</u>, ___ U.S. ___, 142 S.Ct. 2706, 212 L.Ed.2d 777 (2022). Since a decision by the Supreme Court will most likely address the question of whether this Court would have jurisdiction under the "savings clause," the undersigned finds that a stay would be warranted. <u>See</u> <u>Cotman v. Streeval</u>, 2022 WL 4451333, * 2 (W.D.Va. Sept. 23, 2022)(order staying a Section 2241 petition asserting a challenge to his Section 924(c) conviction based on *Taylor* pending the Supreme Court's decision in *Jones v. Hendrix*); <u>Holt v. Streeval</u>, 2022 WL 3587833 (W.D.Va. Aug. 22, 2022)(same).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1) as Motion for Authorization to File a Successive Section 2255 Motion and **TRANSFER** such to the Seventh Circuit for consideration.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: May 24, 2023.



Omar J. Aboulhosn
United States Magistrate Judge